J. P. JOHNSON and Another v. OLE J. VAULE and Another.[1]

June 20, 1895.

Nos. 9319—(193).

**Replevin—Judgment—Res Judicata.**

In an action of replevin the plaintiff obtained possession by proceedings in the action, and on the trial dismissed the suit. Thereupon judgment was entered for defendant for a return of the property, or for $115, the value thereof, in case a return cannot be had. Thereupon plaintiff, without returning said property, or paying said value thereof, commenced another action to vacate said judgment. On the trial thereof the court found that defendant was the owner of the property, but that the value of the same was no more than $68. *Held,* under G. S. 1894, § 5420, the judgment in the first action was an adjudication as to the value of the property, but not as to the ownership or right of possession thereof, and that plaintiff was not, on the findings, entitled to any relief in the second action.

[1] Reported in 63 N. W. 1039.

Appeal by defendant Vaule from a judgment of the district court for Polk county, entered in pursuance of an order for judgment by Ives, J. Reversed.

*Ole J. Vaule*, for appellant.

*R. J. Montague* and *Martin O'Brien*, for respondents.

CANTY, J.[2] The plaintiffs in this action commenced an action of replevin against the defendants in justice court for the recovery of the possession of a certain quantity of lumber, and possession thereof was given to plaintiffs under the writ. They had judgment, and the defendant Vaule appealed on questions of both law and fact. On the trial in the district court plaintiffs dismissed the action, and stipulated that the value of the property so taken by them was $115. Pursuant to an order of court, judgment was thereupon entered for defendants for the return of said property, or for the recovery by them of $115, the value thereof, in case a return could not be had, and for costs.

Thereupon, without returning said property, or paying the value thereof, plaintiffs commenced this action, and in the complaint allege that they are the owners and entitled to the possession of said lumber, and set out the proceedings in the former action. The relief asked is that said judgment be vacated and set aside. On the trial before the court without a jury the court found that defendants are the owners of said lumber, and that the value thereof is $68.69, and no more, and ordered judgment reducing to $68.69 the $115 stated in said first-named judgment as the value of the property so to be recovered in case a return cannot be had. From the judgment entered thereon in this action, defendant Vaule appeals.

The judgment appealed from must be reversed. It is well settled that an action such as this cannot be maintained to review the alleged errors or unjust results in a judgment in another action in which the court had jurisdiction. Such judgment can only be reviewed by motion or on appeal, except in the cases coming within G. S. 1894, § 5434. But it is contended by respondent that, as the former action was dismissed before final submission, it follows that the judgment in that action determines nothing, and is not a bar

[2] Buck, J., did not sit.

to another action. This position is correct only in part. At common law, both parties to an action of replevin were regarded as actors. Wells, Repl. §§ 21, 481. The plaintiff was not allowed to dismiss his suit, so as to prevent a trial of the question of the defendant's right to a return. Id. §§ 482, 516. But whether, on such a dismissal, a judgment for the defendant was conclusive as to the right of possession, it is not necessary here to decide. G. S. 1894, § 5408, provides for the dismissal of actions by the court without a final determination on the merits. G. S. 1894, § 5420, provides that in an action to recover the possession of personal property judgment "may be for the possession" of the property, "or the value thereof in case possession cannot be obtained. * * * If the property has been delivered to the plaintiff and the action is dismissed * * * the defendant shall have judgment for a return of the property, * * * but such judgment shall not be a bar to another action for the same property or any part thereof." While, on such dismissal, the judgment is not an adjudication as to the ownership of the property, or the right of possession, it certainly is an adjudication as to the value which defendant is entitled to recover in case a return cannot be had. That value was the only thing which remained to be litigated when plaintiff dismissed his action. As the issues which he had a right to try in the second action were found against him, he was not entitled to any relief in that action.

This disposes of the appeal. The judgment appealed from should be reversed, and judgment ordered for the defendant.

So ordered.